**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**Jerrie L. R. o/b/o D.L.C., a minor,**

                                    **Plaintiff,**

        **v.**                                          **5:24-CV-796**
                                                        **(FJS/MLK)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                    **Defendant.**

_____

**APPEARANCES**                         **OF COUNSEL**

**OLINSKY LAW GROUP**                    **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street
Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**      **FERGUS J. KAISER, ESQ.**
**OFFICE OF PROGRAM LITIGATION**
Office 2
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Pending before the Court are Magistrate Judge Katz's Report-Recommendation, _see_ Dkt.

No. 13, Plaintiff's objections thereto, _see_ Dkt. No. 14, and Defendant's response to Plaintiff's

objections, _see_ Dkt. No. 15.

## II. BACKGROUND

Plaintiff brought this action under the Social Security Act, 42 U.S.C. § 405(g), on behalf of her minor child, D.L.C.  She sought judicial review of Defendant's final decision denying D.L.C.'s application for benefits.  This Court referred the matter to Magistrate Judge Katz for a Report and Recommendation.

Both parties filed briefs, *see* Dkt. Nos. 9, 11, 12.  After a thorough review of the parties' arguments, the Administrative Record ("AR"), and the ALJ's decision denying D.L.C.'s application, Magistrate Judge Katz issued a Report-Recommendation in which he recommended that the Court deny Plaintiff's motion for judgment on the pleadings, grant Defendant's motion for judgment on the pleadings, and affirm the Commissioner's decision.  *See generally* Dkt. No. 13.  Plaintiff timely filed objections to those recommendations, *see* Dkt. No. 14; and Defendant filed a memorandum of law in opposition to Plaintiff's objections, *see* Dkt. No. 15.

## III. DISCUSSION

### A.    Initial arguments before Magistrate Judge Katz

In her motion for judgment on the pleadings, Plaintiff argued that the Court should reverse and remand the ALJ's decision because it was not supported by substantial evidence. Specifically, Plaintiff argued that (1) the ALJ erred by relying on Drs. Dante Alexander's and T. Bruni's medical opinions and that (2) the ALJ failed to adequately evaluate the evidence concerning D.L.C.'s ability to care for herself.  *See* Dkt. No.9, Plaintiff's Brief, at 2, 13-21.  In his motion for judgment on the pleadings, Defendant argued that (1) the ALJ properly assessed the medical opinion evidence and that (2) substantial evidence supported the ALJs' determination

that D.L.C. had less than marked limitations in the domain of caring for herself.  *See* Dkt. No. 11, Defendant's Brief at 5-14.

After reviewing the parties' briefs, the ALJ's decision, and the Administrative Record, Magistrate Judge Katz found that substantial evidence supported the ALJ's decision and, therefore, recommended that the Court affirm that decision.  *See* Dkt. No. 13 at 9.  In particular, he concluded that the ALJ's finding that the opinions of Dr. Alexander and Dr. Bruni were persuasive was supported by substantial evidence in the record.  He noted that the ALJ found that Dr. Bruni's assessment was persuasive because it "'was supported by citations to the record' and was 'generally consistent with the overall record and objective medical evidence.'"  *See id.* at 11-12 (quoting T. 18 (cleaned up)).  With regard to Dr. Alexander's opinion, he noted that the ALJ found that opinion persuasive "because Dr. Alexander's findings of 'considerable mental capacity' [was] generally supported by the objective medical evidence and consistent with other evidence' like 'school records detailing' D.L.C.'s 'academic functioning.'"  *See id.* at 12 (quoting T. 18-19).

Magistrate Judge Katz concluded that substantial evidence in the record supported the ALJ's decision.  *See id.*  In particular, Magistrate Judge Katz pointed to D.L.C.'s school records, which showed "that she was not classified for special education during the relevant period, and her grades were good."  *See id.* (citing T. 20, 344).  He noted that the record also "show[ed] that one teacher found D.L.C. 'a pleasure to have in class,' and she got along with her teachers and friends at school."  *See id.* (citing T. 239, 344).  Magistrate Judge Katz found that this evidence was bolstered by D.L.C.'s apparently "good relationship with her grandmother, aunt, and mother's boyfriend."  *See id.* (citing T. 364-65).  Finally, Magistrate Judge Katz found that, "[a]lthough D.L.C.'s mother testified that D.L.C. is aggressive with her younger brother, medical

records indicate that the younger brother is 'very aggressive' and he 'targets and lashes out against' D.L.C."  *See id.* (comparing T. 46 with T. 448).

Magistrate Judge Katz also concluded that the ALJ's findings that D.L.C. had less than marked limitations on her ability to (1) acquire and use information; (2) attend to, follow, and understand age-appropriate directions; (3) adequately maintain appropriate social behavior; and (4) care for herself, *see id.* at 12-13 (citing T. 16; 20-23), were "in line with Dr. Bruni's findings and more restrictive than Dr. Alexander's findings"; and, "[a]s a result, substantial evidence support[ed] the ALJ's decision."  *See id.* at 13 (citing T. 73; 794-95).

**B.     Plaintiff's objections to Magistrate Judge Katz's Report-Recommendation**

Plaintiff filed two objections to Magistrate Judge Katz's Report-Recommendation.  *See* Dkt. No. 14, Plaintiff's Objections.  First, she asked the Court to decline to adopt Magistrate Judge Katz's application of the substantial evidence standard and the decision in *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. June 15, 2016) (Summary Order).  *See id.* at 1-3. Second, she requested that the Court decline to adopt Magistrate Judge Katz's application of *Cruz o/b/o M.M.W. v. Comm'r of Soc. Sec.*, No. 19-cv-9253, 2021 WL 4123969 (S.D.N.Y. Aug. 25, 2021) *report and recommendation adopted*, 2021 WL 4124225 (S.D.N.Y. Sept. 9, 2021).  *See id.* at 4-5.

To support her first objection, Plaintiff argued that Magistrate Judge Katz was correct when he indicated that "the evidence left unaddressed by opinion evidence in this case was available to the ALJ."  *See* Dkt. No. 14 at 2.  However, Plaintiff asserted that "the specific evidence, which the ALJ was considering without the benefit of a fully-informed opinion, was not easily interpreted."  *See id.* (footnote omitted).  In that regard, Plaintiff explained that this

case involved evidence that "was more complex than the evidence discussed in *Russ*"[1] because it "concerns a minor child, who had a plan to end her own life (Administrative Record ["AR"] at 531, 780; *see also* AR 463-64), who engaged in self-injurious behavior, specifically cutting (AR 544, 757), and who had clinical notes showing improvement (AR 468 [September 2021], 686 [January 2023]) while contemporaneously showing infliction of traumas (e.g. AR 450 [July 2021]) and suicidal thoughts/actions despite medication (AR 747, 757 [January 2023])." *See id.* at 2-3.

Therefore, Plaintiff argued that "the substantial evidence standard, while generally deferential, does not extend so far as to permit the Agency to proceed without soliciting further evidence in matters such as this one." *See id.* at 3. Plaintiff explained that this was so because "the cornerstone of the substantial evidence standard is not mere deference, but rather reasonableness." *See id.* (citing *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (defining substantial evidence as, "such relevant evidence as a *reasonable* mind might accept as *adequate* to support a conclusion." [emphasis added; quotation omitted]).

In addition, Plaintiff contended that "*Camille v. Colvin*, 652 Fed. App'x 25, 28 fn. 4 (2d Cir. June 15, 2016) (summary order) does not address a general deference to an ALJ's interpretation of evidence that was submitted subsequent to the opinion evidence of record." *See id.* Instead, Plaintiff argued that "the *Camille* court's footnote more narrowly indicated that there was no 'unqualified rule that a medical opinion is superseded by additional material in the

[1] Plaintiff cited *Russ v. Comm'r of Soc. Sec.*, 582 F. Supp. 3d 151 (S.D.N.Y. 2022) ("The ALJ thus had no opinion from any medical source, treating or otherwise, as to the significance of the additional records or their implication for Ms. Russ's functional abilities."), in her initial brief to support her argument that "[o]ne significant sign that an ALJ's finding of sufficient evidence lacks substantial evidence is where there was a development in the record, which the available opinions did not consider." *See* Dkt. No. 9, Plaintiff's Brief, at 14.

record[.]'" *See id.* (quoting [*Camille*], 652 Fed. App'x at 28, fn. 4). Plaintiff explained that she

was "not requesting an unqualified rule, but rather . . . a narrower ruling providing that additional

material in the record, which is significantly complex (as that in *Russ* and in the matter at bar),

warrants development of the record instead of deference to the ALJ's layperson interpretation of

evidence." *See id.* In sum, Plaintiff contended that, "[a]t minimum, '[t]he ALJ's decision

[required] a greater discussion of Claimant's file before relying on the available evidence (or

deciding whether or not to solicit better-informed opinion evidence).'" *See id.* (quoting Dkt. No.

9 at 17).

Plaintiff's second objection related to Magistrate Judge Katz's dismissal of her second

argument as an impermissible request to reweigh the evidence relying on *Cruz o/b/o M.M.W. v.

Comm'r of Soc. Sec.*, No. 19-cv-9253, 2021 WL 4123969, at *13 (S.D.N.Y. Aug. 25, 2021)

*report and recommendation adopted*, 2021 WL 4124225 (S.D.N.Y. Sept. 9, 2021)." *See id.* at 4

(citing Dkt. No. 13 R 18). Plaintiff argued that in *Cruz* the court "addressed a challenge by a

plaintiff who felt that the ALJ had 'downplayed' or minimized the significance of evidence,

which the plaintiff felt supported a finding of marked limitation in a domain (despite the child

obtaining A's and B's, behaving appropriately, and improving overall)." *See id.* (citing [*Cruz*,

2021 WL 4123969] at *14). Plaintiff stated that, in this case, however, she had "expressed

concern, not just over the weighing, but over the insufficiency of the ALJ's explanations and over

the ALJ's engagement in inappropriate speculation regarding the role of medication." *See id.*

(citing Dkt. No. 9 at 18; Dkt. No. 12 at 2) (footnotes omitted). Plaintiff explained that "'[i]n this

case the ALJ (i) provided an inadequate discussion of factors that SSR 09-7p deems relevant and

(ii) engaged in inappropriate speculation regarding the role of medication.'" *See id.* at 4 n.2.

Finally, she asserted that "[t]his is not a request for the Court to provide the analysis of evidence

on behalf of the Commissioner.  It is well within the Court's authority to order a remand for

adequate *explanation* from the Agency/ALJ for the basis of their decision, despite the deferential

nature of substantial evidence review.'"  *See id.* at n.3 (citing *Elizabeth P. v. Comm'r of Soc. Sec.*,

3:20-CV-891 (CFH), 2022 WL 507367, at *5-6 (N.D.N.Y. Feb. 18, 2022)).

       To summarize, it appears that Plaintiff appears is asking the Court to decline to adopt

Magistrate Judge Katz's comparison of this case to the case of *Cruz o/b/o M.M.W.*, 2021 WL

4123969, and "to consider the ALJ's lack of explanation concerning the volume of issues that are

both present in this case and present in SSR 09-7p (Dkt. No. 9 at 20) and consider the ALJ's

layperson interpretation of the effects of the Claimant's medication (Dkt. No. 9 at 20-21)."  *See*

*id.* at 4-5.


## C.     Defendant's response to Plaintiff's objections

       In response to Plaintiff's objections, Defendant argues that "Plaintiff reasserts the

argument presented in their initial brief and reply brief that the cases *Danielle B. v. Comm'r of*

*Soc. Sec.*, 19-cv-0306-TWD, 2020 WL 1933603 (N.D.N.Y. Apr. 22, 2020) and *Russ v. Comm'r of*

*Soc. Sec.*, 582 F. Supp. 3d 151 (S.D.N.Y. 2022) mandated a finding that the ALJ's decision was

not supported by substantial evidence."  *See* Dkt. No. 15 at 2 (citing Pl. Obj. 1-3; Pl. Br. 14-16;

Pl. Rep. 1).  Defendant further states that "Plaintiff also regurgitates the argument that the ALJ

should have weighed the evidence of record differently."  *See id.* (citing Pl. Obj. 4; Pl. Br. 17).

Therefore, Defendant contends that "this Court should subject the Report to only 'clear error'

review."  *See id.* at 2-3 (citing *Whipple*, 2011 WL 1299337, at *3 ("When only general objections

are made to a [R&R], *or* where the objecting party merely reiterates the same arguments taken in

its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice") (emphasis added)).

With regard to Plaintiff's first objection that the ALJ should have been required to further develop the record or include "'a greater discussion of [the] file," *see id.* at 3 (quoting Pl. Obj. 3), because "the opinion evidence relied upon by the ALJ was essentially rendered invalid because some additional evidence was entered into the record subsequent to the issuance of these opinions," *see id.* at 3 (citing Pl. Obj. 1-3), Defendant asserts that, as Magistrate Judge Katz properly explained, "'"[n]o case or regulation . . . imposes an unqualified rule that a medical opinion is superseded by additional material in the record" when the new "evidence does not raise doubts about' the opinion's reliability."'" *See id.* (quoting R&R 15) (citing *Camille v. Colvin*, 652 Fed. App'x 25, 28 fn. 4 (2d Cir. June 15, 2016) (summary)).  Moreover, Defendant contends that Magistrate Judge Katz "specifically identified the evidence of record the ALJ found consistent with this opinion evidence[.]" *See id.* (citing R&R 15 (citing Tr. 14 ("history of emergency department visits or brief inpatient hospitalization for psychiatric problems including . . . January 10, 2023 through January 12, 2023 for self-injurious behavior, and on June 16, 2023 for suicidal behavior"))).

Defendant argues that, in making her objection, Plaintiff "conspicuously declines to assert that Magistrate Judge Katz made any error when making this determination."  *See id.* Instead, "Plaintiff resorts to requesting that this Court fashion a new rule 'providing that additional material in the record, which is significantly complex . . . warrants development of the record instead of deference to the ALJ's layperson interpretation of evidence[.]'"  *See id.* (quoting Pl. Obj. 3).  Defendant contends, however, that Magistrate Judge Katz's decision accords with

*Camille*, and declining to adopt Plaintiff's proposed rule does not amount to 'clear error.'"  *See id.* at 4-5.

In response to Plaintiff's second objection that the ALJ did not sufficiently explain the determination on D.L.C.'s ability to care for herself, Defendant argues that this is a restatement of an argument Plaintiff presented in her initial brief and that, "as correctly explained, 'the ALJ discussed substantial evidence, including evidence related to medication, in support of this determination.'"  *See id.* at 4 (citing R&R 17).  Defendant contends that "Magistrate Judge Katz also properly concluded that Plaintiff's argument that the ALJ should have relied more heavily on certain specific pieces of evidence was nothing more than an impermissible request for the Court to reweigh the evidence[.]"  *See id.* (citing R&R 17-18 (citing *Cruz o/b/o M.M.W. v. Comm'r of Soc. Sec.*, No. 19-cv-9253, 2021 WL 4123969, at *13 (S.D.N.Y. Aug. 25, 2021) *report and recommendation adopted*, 19-CV-9253, 2021 WL 4124225 [(] S.D.N.Y. Sept. 9, 2021)).  Accordingly, Defendant argues that Plaintiff has failed to establish that Magistrate Judge Katz committed "clear error"; and, therefore, the Court should reject Plaintiff's objections.  *See id.* at 4.

### D.    Standard of review

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'"  *Id.* (quoting N.D.N.Y. Local Rule 72.1(c)) (footnote omitted).  If the parties do not file any specific objections, this Court reviews a magistrate judge's report-recommendation for clear error.  *See id.* at 229 (citing Fed. R. Civ P.

72(b), Advisory Committee Notes: 1993 Addition).  Likewise, if an objection simply rehashes (of the report-recommendation for clear error.  *See id.* at 228-29 & n.6 (collecting cases).  "'When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (citing Fed. R. Ci. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995))).  After appropriate review, "the court may accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### E.     Analysis

As Defendant correctly points out, Plaintiff's objections are, in sum and substance, the same arguments that she raised in her initial brief.  Thus, the Court need only satisfy itself that there is no clear error on the face of the record.

In his Report-Recommendation Magistrate Judge Katz cited *Camille v. Colvin* for the general principle that "'[n]o case or regulation' . . . imposes an unqualified rule that a medical opinion is superseded by additional material in the record' when the new 'evidence does not raise doubts about' the opinion's reliability."  *See* Dkt. No. 13 at 15 (quoting *Camille v. Colvin*, 652 Fed. App'x 25, 28, fn. 4 (2d Cir. June 15, 2016) (summary)).  Magistrate Judge Katz cited this general principle in response to Plaintiff's challenge to "Dr. Bruni's opinion because, like Dr. Alexander's opinion, there is no indication that Dr. Bruni was aware of D.L.C.'s history of abuse and self-harm."  *See id.* (citing Pl. at 16).  Relying in part on the general principle in *Camille*,

Magistrate Judge Katz concluded that because the new evidence did not raise doubts about Dr. Bruni's opinion, the ALJ did not err when relying on the persuasive portions of Dr. Bruni's opinion. *See id.* With regard to this recommendation, the Court finds no clear error on the face of the record.

With regard to Magistrate Judge Katz's application of *Cruz*, Plaintiff argues that *Cruz* is distinguishable from her case because in *Cruz* the court "addressed a challenge by a plaintiff who felt that the ALJ had 'downplayed' or minimized the significant of evidence, which the plaintiff felt supported a finding of marked limitation in a domain (despite the child obtaining A's and B's, behaving appropriately, and improving overall)," *see* Dkt. No. 14 at 4 (quoting [*Cruz*,] at *14), whereas, in this case, Plaintiff expressed concern, not just over weighing, but over the insufficiency of the ALJ's explanations and over the ALJ's engagement in inappropriate speculation regarding the role of medication." *See id.* (citing Dkt. No. 9 at 18; Dkt. No. 12 at 2) (footnote omitted). The Court disagrees. As with her first objection regarding Magistrate Judge Katz's application of general principles, Plaintiff has done nothing more than to make the same argument as she made in her initial brief under a different theory. The Court finds that Magistrate Judge Katz did not commit clear error when applying the principle set forth in *Cruz* to this case. Nor does the Court find any clear error in Magistrate Judge Katz's conclusion that, although Plaintiff may disagree with the ALJ's conclusion and the evidence may be susceptible to more than one reasonable interpretation, where, as here, there is substantial evidence to support the ALJ's decision, a request for the Court to reweigh the evidence is improper. *See* Dkt. No. 13 at 17-18.

## IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Katz's Report-Recommendation, *see* Dkt. No. 13, is

**ADOPTED and ACCEPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 9, is

**DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 11, is

**GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and

close this case.

**IT IS SO ORDERED.**

Dated:  February 25, 2026
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

- 12 -